

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00172-CR

GARY CARSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F0161-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss
Dissenting Opinion by Justice Burgess

MEMORANDUM OPINION

In Bowie County, Texas, Gary Carson entered an open plea of guilty to three counts[1] of assault on public servants who were performing public servant duties, TEX. PENAL CODE ANN. § 22.01(b) (West Supp. 2016), the penalties being enhanced by previous convictions, TEX. PENAL CODE ANN. § 12.425 (West Supp. 2016), and three counts of bail jumping, TEX. PENAL CODE ANN. § 38.10 (West 2011). Carson elected to have the trial court decide punishment, and he executed a written waiver of his right to appeal before his plea and sentencing hearing. After a hearing, the trial court sentenced Carson to fifty years' imprisonment in each of the assault cases and ten years' imprisonment in each of the bail-jumping cases.[2]

During the hearing on Carson's motion for new trial, the trial court revealed that, before Carson entered his guilty pleas, the trial court read the State's 404(b)[3] notice and, accepting several of the alleged extraneous offenses mentioned therein as true, relied on them in determining Carson's sentences. On hearing this, Carson objected. Carson's motion for new trial was overruled by operation of law.

Carson has filed a single brief in which he raises issues common to all of his appeals. Here, Carson appeals from his conviction for assaulting Sergeant James Michael. He contends that (1) the certification of Carson's right to appeal wherein the trial court finds that Carson has no

---

[1]The charges were made through four separate indictments.

[2]The assault charges were enhanced by two prior felony convictions, to which Carson pled true. The fifty-year sentences were to run concurrent to each other, and the ten-year sentences were to run concurrent to each other, but consecutively to the fifty-year sentences.

[3]Rule 404(b) requires the State to provide notice that it intends to introduce, in its case-in-chief, evidence of other crimes, wrongs, or acts. TEX. R. EVID. 404(b).

right to appeal is incorrect, (2) Carson's waiver of appeal is invalid, and (3) considering the unproven extraneous offenses alleged in the State's notice shows that the trial court was biased against him, thereby depriving Carson of due process.

We addressed these issues in detail in our majority opinion of this date on Carson's appeal in cause number 06-15-00170-CR. For the reasons stated there, we likewise affirm Carson's conviction, reverse the trial court's sentence, and remand this case for a new sentencing hearing.


Josh R. Morriss, III
Chief Justice


**DISSENTING OPINION**

I, respectfully, dissented to the majority opinion which addressed these issues in an opinion of this date on Carson's appeal in cause number 06-15-00170-CR. For the reasons stated in my dissent, I would affirm the trial court's judgment and sentence.


Ralph K. Burgess
Justice

Date Submitted:     July 27, 2016
Date Decided:       January 31, 2017

Do Not Publish